LAW OFFICES OF THOMAS W. FALVEY
THOMAS W. FALVEY, SBN 65744
MICHAEL H. BOYAMIAN, SBN 256107
ARMAND R. KIZIRIAN, SBN 293992
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone:  (818) 547-5200
Facsimile:   (818) 500-9307
E-mail:      thomaswfalvey@gmail.com, mike.falveylaw@gmail.com,
             armand.falveylaw@gmail.com

HARTOUNIAN LAW FIRM
ALEX HARTOUNIAN, SBN 252210
2626 Foothill Boulevard, Suite 250
La Crescenta, California 91214
Telephone:  (818) 794-9675
Facsimile:   (818) 459-6997
E-mail: alex@h-lf.com

Attorneys for Plaintiff JENNIFER PAE,
individually and on behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PAE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOX RESTAURANT CONCEPTS, LLC d/b/a TRUE FOOD KITCHEN; a Arizona limited liability company; FRC TRUE FOOD SMP, LLC, a California limited liability company; FRC TRUE FOOD SDFV, LLC, a California limited liability company; FRC TRUE FOOD NBFI, LLC, a California limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-06965-DSF-FFM<br>*Assigned to Hon. Dale S. Fischer*<br><br>[CLASS ACTION]<br><br>**NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>[FILED CONCURRENTLY WITH THE DECLARATION OF ARMAND R. KIZIRIAN; REQUEST FOR JUDICIAL NOTICE; [PROPOSED] ORDER]<br><br>Date:        November 14, 2016<br>Time:        1:30 p.m.<br>Courtroom:  840 – 8th Floor, Roybal |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 14, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 840 of the above-entitled Court located at the Roybal Federal Building, 255 East Temple Street, 8th Floor, Los Angeles, CA 90012, Plaintiff Jennifer Pae ("Plaintiff"), individually and on behalf of all others similarly situated, will move this Court to remand this matter to the Los Angeles County Superior Court pursuant to 28 U.S.C. §§ 1446 and 1447. Plaintiff so moves on the grounds that Defendant Fox Restaurant Concepts, LLC failed to properly remove this matter on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 pursuant to the Local Controversy and Home State Exceptions as set forth in 28 U.S.C. § 1332(d)(4)(A) and (B).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 10, 2016. Declaration of Armand R. Kizirian, ¶3.

Dated: October 17, 2016        Respectfully submitted,

**LAW OFFICES OF THOMAS W. FALVEY**

**HARTOUNIAN LAW FIRM**


By: __/s/ Armand R. Kizirian_____
      Armand R. Kizirian, Esq.
Attorneys for PLAINTIFF JENNIFER PAE
and all other similarly situated

# TABLE OF CONTENTS

I.    ISSUES PRESENTED ........................................................... 1

II.   SUMMARY OF RELEVANT FACTS............................................... 1

III.  THE REMOVING PARTY BEARS THE BURDEN OF PROVING CAFA'S
      APPLICATION; PLAINTIFF BEARS THE BURDEN OF PROVING THAT
      AN EXCEPTION TO CAFA APPLIES ........................................ 3

IV.   DEFENDANT'S REMOVAL IS IMPROPER AS 28 U.S.C. §1332(d)(4)(A)
      REQUIRES THE COURT TO DECLINE JURISDICTION. ........................ 4

      A.   More Than Two-Thirds of the Proposed Class Are Citizens of
           California ............................................................ 5

      B.   Defendants SMP, SDFV, and NBSI Have Their Principal Place of
           Business in California and Are Consequently Citizens of California ..... 8

      C.   Defendants SMP, SDFV, and NBSI's Conduct Forms a Significant
           Basis of Class Members' Claims ..................................... 12

      D.   The Principal Injuries Occurred in California ........................ 13

      E.   No Other Class Action for Similar Claims Has Been Filed Against
           Defendants ........................................................... 13

V.    CONCLUSION ............................................................. 14

1

# TABLE OF AUTHORITIES

2

3

*Abrego Abrego v. The Dow Chemical Co.*,
   443 F.3d 676 (9th Cir. 2006) ............................................................. 3

4

5

*Altimore v. Mt. Mercy College*,
   420 F.3d 763 (8th Cir. 2005) ............................................................. 6

6

7

*Breitman v. May Co. California*,
   37 F.3d 562, 564 (9th Cir. 1994) ................................................... 9, 11

8

9

*California ex rel. Lockyer v. Dynegy, Inc.*,
   375 F.3d 831 (9th Cir. 2004) ............................................................. 3

10

11

*Curts v. Waggin Train, LLC*,
   2013 WL 2319358 (W.D. Mo. May 28, 2013) .................................... 6

12

13

*Ferrell v. Express Check Advance of SC LLC*,
   591 F.3d 698 (4th Cir. 2010) ............................................................. 8

14

15

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ............................................................. 3

16

17

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) .................................................................. 8-9, 11

18

19

*Hollinger v. Home State Mut. Ins. Co.*,
   654 F.3d 564 (5th Cir. 2011) .......................................................... 12

20

21

*In re Hannaford Bros. Co. Customer Data Security Breach Litig.*,
   564 F.3d 75 (1st Cir. 2009) ........................................................... 6-7

22

23

*In re Sprint Nextel Corp.*,
   593 F.3d 669 (7th Cir. 2010) ......................................................... 6, 7

24

25

*Janzen v. Goos*,
   302 F.2d 421 (8th Cir. 1962) ............................................................. 6

26

27

*Johnson v. Advance America*,
   596 F.Supp.2d 922 (D.S.C. 2008) ..................................................... 6

28

---

# TABLE OF AUTHORITIES (cont.)

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ............................................................5

*Kurth v. Arcelormittal*,
    2009 WL 3346588 (N.D. Ind. Oct. 14, 2009).................................6

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986) ..........................................................5

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ........................................................3

*Mondragon v. Capital One Auto Finance*,
    736 F.3d 880 (9th Cir. 2013) ..........................................................7

*SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*,
    766 F. Supp. 2d 686 (E.D. Va. 2011) ............................................8

*Taber Partners, I v. Merit Builders, Inc.*,
    987 F.2d 57 (1st Cir. 1993)..............................................................9

*Topp v. CompAir Inc.*,
    814 F.2d 830, 835 (1st Cir. 1987) ............................................9, 11

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ........................................................3

*Vodenichar v. Halcon Energy Properties, Inc.*,
    733 F.3d 497 (3rd Cir. 2013) ........................................................12

*Walls v.* Ahmed,
    832 F.Supp. 940 (E.D. PA 1993) ..................................................6

*Yocupicio v. PAE Group, LLC*,
    795 F.3d 1057 (9th Cir. 2015) ........................................................3

# STATUTES

Cal. Bus. & Prof. Code

§§ 17200, *et seq.* ........................................................................................2

Cal. Lab. Code

§ 201 ...............................................................................................................1

§ 203 ...............................................................................................................1

§ 216 ...............................................................................................................1

§ 226 ...............................................................................................................1

§ 226.7 ............................................................................................................1

§ 510 ...............................................................................................................1

§ 512 ...............................................................................................................1

§ 1194 .............................................................................................................1

§ 2800 .............................................................................................................2

§ 2802 .............................................................................................................2


United States Code

28 U.S.C. § 1332 ................................................................................*passim*


Welfare Commission ["IWC"]

Wage Order 5 ............................................................................................ 1-2

# TREATISES

*William B. Rubenstein, 2 Newberg on Class Actions,*

6:20 (5th ed. 2015) ........................................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   ISSUES PRESENTED.

In this Motion, Plaintiff Jennifer Pae (hereinafter "Plaintiff") seeks an order remanding this action to California state court on the grounds that Defendant Fox Restaurant Concepts, LLC (hereinafter "FRC" or "Fox Restaurants") improperly removed this matter on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. § 1332(d)(4)(A) (hereinafter sometimes, the "Local Controversy Exception") and/or 28 U.S.C. § 1332(d)(4)(B) (hereinafter sometimes, the "Home State Exception").

### II.   SUMMARY OF RELEVANT FACTS.

Plaintiff brought the instant class action against Defendants Fox Restaurant Concepts, LLC ("Fox Restaurants"); FRC True Food SMP, LLC ("SMP"); FRC True Food SDFV, LLC ("SDFV"); and FRC True Food NBFI, LLC ("NBFI") (collectively, "Defendants") for a host of wage and hour violations under California law.

Plaintiff filed this suit on July 22, 2016, in Los Angeles County Superior Court.  *See* Notice of Removal, ¶ 1.  On September 16, 2016, Defendant Fox Restaurants removed this action from the California Superior Court to the United States District Court for the Central District of California on the basis of diversity jurisdiction pursuant to CAFA under 28 U.S.C. §§ 1332(d).  *See* Notice of Removal, ¶ 17.

Specifically, Plaintiff has brought suit on a class basis for Defendants' alleged failure to pay wages (Cal. Lab. Code §§ 216 and 1194, and the California Industrial Welfare Commission ["IWC"] Wage Order 5), failure to pay minimum wages (Cal. Lab. Code §§ 1194, *et seq.*, and IWC Wage Order 5), failure to pay overtime wages (Cal. Lab. Code § 510, and IWC Wage Order 5), inaccurate wage statements (Cal. Lab. Code § 226 and IWC Wage Order 5), waiting time penalties (Cal. Lab. Code §§ 201-203), failure to provide meal and rest breaks (Cal. Lab. Code §§ 512 and 226.7,

1  and IWC Wage Order 5), indemnification for business expenses (Cal. Lab. Code §§
2  2800 and 2802), unfair competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*),
3  compensatory, damages, restitution, punitive and exemplary damages, liquidated
4  damages, disgorgement of profits, interest, penalties, attorneys' fees, and costs.

5       While of the four named defendants, only Defendant True Food SMP, LLC's
6  name appears on Plaintiff's wage statements, Plaintiff has named all four Defendants
7  as parties in this suit on the basis that Defendants FRC True Food SMP, LLC, FRC
8  True Food SDFV, LLC, and FRC True Food NBFI, LLC are all agents of Defendant
9  Fox Restaurant Concepts, LLC.  *See* Complaint, ¶ 8; Declaration of Armand R.
10 Kizirian ("Kizirian Decl."), ¶ 4, Exhibit "1".  Moreover, Plaintiff alleges that there is
11 such a unity of interest and ownership among the four Defendants that the separate
12 personalities of each respective entity do not in reality exist, and that the created
13 corporate structure is just a shield for the alter ego of each other defendant entity.
14 *See* Complaint, ¶ 8.

15      In its Notice of Removal, Defendant Fox Restaurants claims that each of the
16 four named defendants is a "limited liability company in Arizona with its
17 headquarters and principal place of business located in Arizona."  Notice of
18 Removal, ¶¶ 26-29.  While Plaintiff does not contest that Defendant Fox Restaurants'
19 principal place of business is in Arizona, Plaintiff asserts that the principal place of
20 business for Defendants SMP, SDFV, and NBFI is in California, by virtue of the fact
21 that these three Defendants are single asset entities, each owning and operating a
22 single True Food Kitchen branded restaurant in Santa Monica, San Diego, and
23 Newport Beach, respectively.  *See* Declaration of Alain Ane in Support of Defendant
24 Fox Restaurants' Notice of Removal, ¶ 9; Kizirian Decl., ¶¶ 5-7.
25 ///
26 ///
27 ///
28 ///

**NOTICE OF MOTION AND MOTION FOR REMAND**
**2**

### III.  THE REMOVING PARTY BEARS THE BURDEN OF PROVING CAFA'S APPLICATION; PLAINTIFF BEARS THE BURDEN OF PROVING THAT AN EXCEPTION TO CAFA APPLIES

Defendant Fox Restaurant Concepts, LLC's Notice of Removal alleges that this Court has original jurisdiction of this matter under 28 U.S.C. section 1332(d)(2). Notice of Removal, ¶ 17.  Section 1332(d)(2) provides that, generally, the district court shall have original jurisdiction over actions in which the removing party proves by a preponderance of the evidence that, among other things: (1) at least one plaintiff and one defendant are citizens of different states; and (2) class claims, in the aggregate, constitute an amount in controversy above $5,000,000.00.  *Yocupicio v. PAE Group, LLC*, 795 F.3d 1057, 1059, 1061-1962 (9th Cir. 2015).

Federal courts are courts of limited jurisdiction and strictly construe removal statutes against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Thus, although a class action in state court may be removed to federal court, the burden is on the proponent of federal jurisdiction to prove that these above-described jurisdictional requirements are satisfied.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (*per curiam*).  If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *Gaus* at 566; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Even where jurisdictional requirements for CAFA are met and the Notice of Removal is procedurally sound, there are also several well-defined exceptions to CAFA.  One exception that is particularly of note is the Local Controversy Exception.  The Local Controversy Exception has two (2) formulations; if Plaintiff establishes that either is satisfied, an action must be remanded to state court.

///

///

The first formulation of the Local Controversy Exception provides that federal courts must decline federal subject matter jurisdiction when: (1) more than two-thirds (2/3) of the class members are from the forum state; (2) a significant defendant is from that state; (3) the principal injuries were incurred in California; and (4) no other class action on the issue has been filed in the preceding three (3) years.  28 U.S.C. § 1332(d)(4)(A).  The second formulation of the Local Controversy Exception, also referred to as the Home State Exception, provides that federal courts must decline federal subject matter jurisdiction when: (1) more than two-thirds (2/3) of class members are from the forum state; and (2) the primary defendant is from that state.  28 U.S.C. § 1332(d)(4)(B).

## IV.   DEFENDANT'S REMOVAL IS IMPROPER AS 28 U.S.C. §1332(d)(4)(A) REQUIRES THE COURT TO DECLINE JURISDICTION.

Defendant Fox Restaurant Concepts, LLC's Notice of Removal states that Defendant's basis for removal is based on CAFA pursuant to 28 U.S.C. §§ 1332(d).

28 U.S.C. § 1332(d)(2) states in pertinent part that: "The district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . . ."  Furthermore, 28 U.S.C. § 1332(d)(4)(A) (also known as the "Local Controversy" Exception) states in pertinent part that:

> **(4)** A district court shall decline to exercise jurisdiction under paragraph (2)—
> **(A)(i)** over a class action in which—
> **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> at least 1 defendant is a defendant—
> **(aa)** from whom significant relief is sought by members of the plaintiff class;
> **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

**(cc)** who is a citizen of the State in which the action was originally filed; and

**(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

**(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons;

Pursuant to this rule and the fact that Plaintiff filed the matter in California, this honorable Court must decline jurisdiction because: **(1)** more than two-thirds of the class members are citizens of California; **(2)** Defendants FRC True Food SMP, LLC, FRC True Food SDFV, LLC, and FRC True Food NBFI, LLC are citizens of California; **(3)** the complaint seeks significant relief from Defendants SMP, SDFV, and NBFI, whose wage and violations form a significant basis for the proposed class members' claims; **(4)** the wage and hour violations occurred in California; and **(5)** no other class action has been filed within the past 3 years asserting similar factual allegations.  In the pending action, each and every one of the above elements is satisfied and the case should therefore be remanded to state court.

### A.     More Than Two-Thirds of the Proposed Class Are Citizens of California.

There is no doubt that more than 2/3 of the proposed class are citizens of California.  A person's domicile is the place they reside with the intention to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person establishes domicile by (1) some physical presence in the location; and (2) the intent to remain indefinitely (not necessarily forever but more than temporary).  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  A person need not be physically present in a state for an extended period of time to establish a domicile if they have the intent to remain indefinitely.  Thus, the domicile is acquired

immediately.  *Walls v.* Ahmed, 832 F.Supp. 940, 941 (E.D. PA 1993); *Janzen v. Goos*, 302 F.2d 421, 426-27 (8th Cir. 1962).  Objective factors which manifest an intention to remain in a state include residence, employment, and payment of state taxes.  *See Altimore v. Mt. Mercy College,* 420 F.3d 763, 768-769 (8th Cir. 2005) (noting that intent to remain in a state may be determined from objective factors including residence, employment, and payment of state taxes).

While Plaintiff bears the burden of proving that two-thirds of the putative class are California citizens, these requirements are easily satisfied here because the class is defined so that one hundred percent (100%) of class members are California citizens.

Federal courts have long held that plaintiffs—as masters of their complaints— may define putative classes in a manner so the local controversy exception applies. *See*, *e.g.*, *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) ("plaintiffs are free to 'circumscribe their class definitions' so that they can fit within one of the exceptions and avoid federal jurisdiction"); *Johnson v. Advance America*, 596 F.Supp.2d 922 (D.S.C. 2008), *aff'd* 549 F.3d 932 (4th Cir. 2008) ("under the well-pleaded complaint rule, a class action lawsuit may be pled so as to avoid removal to federal court under CAFA"); *Curts v. Waggin Train, LLC*, 2013 WL 2319358, *2-3 (W.D. Mo. May 28, 2013) (granting motion to remand case for lack of CAFA jurisdiction because plaintiff "is the master of her complaint" and she "is entitled to" limit class members to Missouri citizens); *Kurth v. Arcelormittal*, 2009 WL 3346588, *5 (N.D. Ind. Oct. 14, 2009) ("[a] plaintiff can limit the scope of class actions . . . and can restrict the scope of her allegations so as to avoid federal jurisdiction under CAFA, including proposing a class limited to citizens of the home state).  The trade off, of course, in doing so is that plaintiffs are limiting their pool of potential class members — a choice which is theirs to make.  *In re Sprint*, 594 F.3d at 676; *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("plaintiffs potentially sacrifice a great deal in terms of the parties they can sue

and the claims they can bring by narrowing pleadings to fit within the home state exception").

This jurisdiction is no different from the others. The Ninth Circuit has held that "[a] pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question...." *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 881-882 (9th Cir. 2013). In reaching this conclusion, the Ninth Circuit concluded, "we join the other circuits that have considered the issue." *Id.* at 882.

Plaintiff's Complaint defines the class to consist only of "[a]ll Restaurant Employees … who are or have been employed by Defendants in the State of California …." Complaint, ¶ 42. While Plaintiff used the terminology "employed by Defendants in the State of California" rather than the terminology "California citizens," Plaintiff clearly narrowed her pleadings to fit within the Local Controversy Exception and bring a class of only employees who are California citizens. *See In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009). It also sought only relief exclusively under the California Labor Code and California Business and Professions Code. *See generally* Complaint.

Moreover, even the Ninth Circuit has acknowledged that the key is not the terminology used, but the likelihood that the proposed class will consist of forum state citizens. *Mondragon*, 736 F.3d 880 at 884-885 (in *Sprint*, "it was probably even more likely that the proposed class consisted overwhelmingly of Kansas citizens for the class as defined included only people who had a Kansas cell phone number, a Kansas billing address, and paid a Kansas fee"). If Plaintiff "decides to expend the effort, [he] will be able to gather and submit evidence to support his contention that more than two-thirds of prospective class members were citizens of California at the time the case became removable, thereby justifying a remand to state court and landing the case back to the same place it was ...." *Id.*

///

---

**NOTICE OF MOTION AND MOTION FOR REMAND**

**7**

1  Here, too, if Plaintiff had the benefit of discovery, Plaintiff would prove that of

2  the 1,869 purported class members identified by Defendant Fox Restaurant

3  Concepts, LLC, who worked at the three restaurants "owned and operated" by

4  Defendants SMP, SDFV, and NBFI *in California*, and 400 of which work "at any

5  given at these restaurants", only a small minority are likely to be citizens of a state

6  other than California.  Notice of Removal, ¶ 35.  As such, Plaintiff has carried her

7  burden by a preponderance of the evidence that two-thirds (2/3), if not the entire

8  class, is composed of California citizens.

**B.  Defendants SMP, SDFV, and NBSI Have Their Principal Place of Business in California and Are Consequently Citizens of California.**

11  Defendants SMP, SDFV, and NBSI, as subsidiaries of Fox Restaurant

12  Concepts, LLC, must be examined separately in determining their principal place of

13  business.  Because SMP, SDFV, and NBSI's role in the highly compartmentalized

14  structure of Defendant Fox Restaurants organization is to hold and operate True

15  Food Kitchen restaurants in Santa Monica, San Diego, and Newport Beach,

16  respectively, the most reasonable conclusion is that for each of these separately

17  incorporated Defendants, their principal place of business is the State of California.

18  For purposes of federal diversity jurisdiction, in determining a corporation's

19  principal place of business, a Court looks to "the place where a corporation's[1]

20  officers direct, control, and coordinate the corporation's activities".  *Hertz Corp. v.*

21  *Friend*, 559 U.S. 77, 92–93 (2010).  As explained by the Supreme Court, this

---

[1] As set forth in 28 U.S.C. 1332(d)(10), under CAFA, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  A limited liability company is deemed to be an 'unincorporated association' under this section and therefore treated as a corporation for purposes of diversity jurisdiction under CAFA.  *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010); *SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688–89 (E.D. Va. 2011) ("Although that definition, which was added to 28 U.S.C. § 1332 by the Class Action Fairness Act of 2005 … obviously diverges from the well-established rule regarding the citizenship of LLCs discussed above, the Fourth Circuit emphasized in *Ferrell* that this definition applies only in cases that were brought pursuant to CAFA's special jurisdictional provisions.").

location "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."  *Id.* at 93.

In addition, where, as here, the owners of a business have chosen to organize their enterprise through several entities, i.e. the True Food Kitchen restaurant organization, the general rule must apply that "a 'subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business.'"  *Topp v. CompAir Inc.*, 814 F.2d 830, 835 (1st Cir. 1987) (citations omitted); *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994).[2]

Here, Defendants SMP, SDFV, and NBFI are each holding entities of a respective True Food Kitchen restaurant located in Santa Monica, San Diego, and Newport Beach.  Moreover, as set forth in Defendants' Certificate of Interested Parties, the True Food Kitchen enterprise is at least composed of Defendants FRC True Food SMP, LLC; FRC True Food SDFV, LLC; FRC True Food NBFI, LLC; non-party FRC True Balance Management LLC; non-party FRC Management LLC; and Defendant Fox Restaurant Concepts, LLC.

If, as *Breitman* prescribes, Defendants SMP, SDFV, and NBFI are each considered <u>separately</u> for the determination of their principal place of business— separately from Defendant Fox Restaurant Concepts, LLC, and also separately from non-parties FRC True Balance Management LLC and FRC Management LLC—then the only possible conclusion is that these three Defendants have the Santa Monica, the San Diego, and the Newport Beach locations of their respective True Food

---

[2] In addition to subsidiary entities, corporate partners are also treated distinctly with regards to determining a principal place of business for diversity jurisdiction. *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 62-63 (1st Cir. 1993).

1    Kitchen restaurants as their principal places of business.

2        If the True Food Kitchen restaurant enterprise was created by Defendant Fox

3    Restaurant Concepts, LLC, and the concept of this particular brand of restaurants is

4    managed and maintained by that same entity, along with non-parties FRC True

5    Balance Management LLC and FRC Management LLC, then that leaves Defendants

6    SMP, SDFV, and NBFI, which are each apparently named after the mall in which

7    they are located[3], to run their respective restaurant.  In other words, the business of

8    Defendant FRC True Food SMP, LLC, Defendant FRC True Food SDFV, LLC, and

9    Defendant True Food NBFI, LLC, start and end with the management of a restaurant.

10   Because the three relevant aforementioned restaurants are located in California, the

11   principal place of business for Defendants SMP, SDFV, and NBFI must also be in

12   California, making these three Defendants California citizens for purposes of

13   diversity jurisdiction under CAFA.  *See* 28 U.S.C. 1332(c)(1); 28 U.S.C.

14   1332(d)(10).

15       As a result, if the creation and maintenance of the True Food Kitchen brand

16   and decisions about, e.g., where it might next expand to are conducted by Defendant

17   Fox Restaurant Concepts, LLC, and non-parties FRC True Balance Management

18   LLC and FRC Management LLC, then the only decisions that management for

19   Defendants SMP, SDFV, and NBFI are making concern the day-to-day functioning

20   of the True Food Kitchen restaurants.  Those decisions are not made at Fox

21   Restaurants world headquarters in Phoenix, Arizona, those decisions are made in

22   each individual restaurant, likely by the general manager(s) at the Santa Monica, San

23   Diego, and Newport Beach locations.

24   ///

25   ///

26

27   [3] Plaintiff believes that the 'SMP' of Defendant SMP stands for Santa Monica Place; the 'SDFV' of
     Defendant SDFV stands for San Diego Fashion Valley; and the 'NBFI' of Defendant NBFI stands
28   for Newport Beach Fashion Island.  *See* Kizirian Decl., ¶¶ 5-7.

**NOTICE OF MOTION AND MOTION FOR REMAND**
**10**

As set forth above, a corporation's nerve center is "the place where [its] officers direct, control, and coordinate the corporation's activities", but it is not "simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz*, 559 U.S. at 92–93. While Fox Restaurant Concepts, LLC, does appear to be based in Phoenix, Arizona, as far as Defendants SMP, SDFV, and NBFI are concerned, the corporate offices of Fox Restaurants appear to be little more than a place to hold 'board meetings', as described in *Hertz*. That is, Phoenix, Arizona is where non-parties FRC True Balance Management LLC and FRC Management LLC likely only conduct such tasks that are akin to, e.g., approving disbursements from SMP, SDFV, and NBFI to the other entities that are on the Fox Restaurants corporate ladder. While non-parties FRC Balance Management LLC and FRC Management LLC almost certainly do conduct their own activities beyond this type of 'board meeting' management of Defendants SMP, SDFV, and NBFI, the Court's focus must be on these three Defendants as distinct subsidiaries, with their own corporate identities. *See Topp*, 814 F.2d at 835; *Breitman*, 37 F.3d at 564.

The unavoidable result then is that, in the compartmentalized structure Fox Restaurants has chosen for its True Food Kitchen business, the restaurant holding entities of SMP, SDFV, and NBSI have, as their principal place of business, the very place in which each restaurant is located. For Defendant SMP that is 395 Santa Monica Place, Suite 172, Santa Monica, California 90401; for Defendant SDFV that is 7007 Friars Rd #394, San Diego, California 92108; and for Defendant NBSI that is 451 Newport Center Drive, Newport Beach, California 92660. *See* Kizirian Decl., ¶¶ 5-7.

Consequently, Defendants SMP, SDFV, and NBSI all have their principal place of business in California and must therefore be deemed to be citizens of California for purposes of diversity jurisdiction.

### C.   Defendants SMP, SDFV, and NBSI's Conduct Forms a Significant Basis of Class Members' Claims.

The statute does not define "primary defendant," although the Third and Fifth Circuits have attempted to define the term.  *See* William B. Rubenstein, 2 Newberg on Class Actions, 6:20 (5th ed. 2015).  According to the Fifth Circuit, the primary defendant is that which all putative class members have claims against, as well as the primary role in the alleged discrimination.  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 572 (5th Cir. 2011).  According to the Third Circuit, the primary defendant is the "real target" of plaintiff's accusations.  *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 505-506 (3rd Cir. 2013).  This may be determined by whether the defendant is being held responsible for defendant's own actions as opposed to paying for the actions of others.  *Id.*  It may also be determined by assessment of the exposure to the class, namely, whether the defendant has potential exposure to a significant portion of the class and whether it would sustain a substantial loss as compared to the other defendants if found liable.  *Id.*

By either standard, Defendants SMP, SDFV and NBFI—limited liability corporations incorporated in Arizona but with their primary place of business in California—are the primary defendants in Plaintiff's action.  Defendants SMP, SDFV, and NBFI employed the putative class members and it is the wage and hour policies of these Defendants that is the subject of the instant litigation.  While it may very well be that Defendant Fox Restaurants, or other entities controlled by this Defendant[4], directed SMP, SDFV, and NBFI to adopt the wage and hour policies in place at the California True Food Kitchen restaurants, it is nevertheless Defendants SMP, SDFV, and NBFI that apparently employed the putative class members.  *See* Kizirian Decl., ¶ 4, Exhibit "1".

---

[4] Defendants' Certificate of Interested Parties lists FRC True Balance Management LLC as the manager of Defendants SMP, SDFV, and NBFI, which is itself managed by named FRC Management LLC, which also manages Fox Restaurant Concepts, LLC, but is also owned by Fox Restaurant Concepts, LLC.

**D.     The Principal Injuries Occurred in California.**

The pending action is a class action seeking damages on behalf of Defendants' Restaurant Employees for violations that occurred in California. Specifically, Plaintiff is asserting a host of wage and hour violations against Defendants for their True Food Kitchen branded restaurants in California. Therefore, "principal injuries resulting from the alleged conduct" of Defendants were incurred in California, the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i)(III).

**E.     No Other Class Action for Similar Claims Has Been Filed Against Defendants.**

The pending matter is the only class action that has been filed against Defendants within the past three years. *See* Kizirian Decl., ¶ 8. As such, each and every element of 28 U.S.C. 1332(d)(4)(A) is satisfied.

Furthermore, the elements of 28 U.S.C. 1332(d)(4)(B) are also satisfied since, as described above, more than 2/3 of the putative class and Defendants SMP, SDFV, and NBSI are citizens of California, and these three entities are primary defendants in the instant litigation.

///

///

///

///

///

///

///

///

///

///

///

## V.   CONCLUSION.

Because Defendant Fox Restaurant Concepts, LLC's removal of this action was improper, Plaintiff respectfully requests that this Court grant the instant motion and thereby remand this action to the Los Angeles County Superior Court.

Dated:  October 17, 2016                    Respectfully submitted,

                                            **LAW OFFICES OF THOMAS W. FALVEY**

                                            **HARTOUNIAN LAW FIRM**


                                            By:   /s/ Armand R. Kizirian
                                                    Armand R. Kizirian, Esq.
                                            Attorneys for PLAINTIFF JENNIFER PAE
                                            and all other similarly situated