# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PAE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOX RESTAURANT CONCEPTS, LLC d/b/a TRUE FOOD KITCHEN; a Arizona limited liability company; *et al.*,<br><br>Defendants. | Case No.: 2:16-CV-06965-DSF-FFM<br><br>[CLASS ACTION]<br><br>[DISCOVERY MATTER]<br><br>*Assigned to Hon. Dale S. Fischer*<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:   July 22, 2016<br>Date of Removal:  September 16, 2016<br>Trial Date:    January 17, 2018 |

    Plaintiff Jennifer Pae, on behalf of the putative class ("Plaintiff"), and Defendants Fox Restaurant Concepts LLC, FRC True Food SMP LLC, FRC True Food SDFV LLC and FRC True Food NBFI LLC ("True Food Kitchen" or "Defendants") (collectively, the "Parties") through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"). Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from

public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties acknowledge and understand that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, that the protection it affords from public disclosures and use extends only to limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section II, Paragraph 20, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## I. STATEMENT OF GOOD CAUSE

In this putative class action lawsuit, Plaintiff, on behalf of herself and others similarly situated, alleges that Defendants violated the law by failing to pay for all hours worked and not providing legally compliant meal and rest periods. Plaintiff also alleges a host of other Labor Code violations stemming, in large part, from Defendants failure to pay for all hours worked and said meal and rest period violations. In connection with discovery in this lawsuit, Plaintiff has sought certain documents, written discovery responses, deposition testimony, and other items containing confidential information, including third-party information protected by privacy laws such as personal contact information of current and former non-exempt, hourly restaurant workers for Defendants, the personnel records, payroll records and/or timekeeping records of current and former putative class members of Defendants, and employee-initiated complaints that are subject to confidentiality provisions. The Parties recognize that employers such as Defendants are obligated to maintain the right to privacy guaranteed by the California Constitution, which protects putative class members' files from improper disclosure to third parties. *See Board of Trustees v. Superior Courts*, 119 Cal. App. 3d 516, 174 Cal. Rptr. 160 (1981). The Parties also recognize that certain documents may also involve or be

the subject of confidentiality provisions, for which Defendants desire to maintain pursuant to agreements unrelated to this lawsuit. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II. TERMS OF PROTECTIVE ORDER

1. In this Protective Order, the words set forth below shall have the following meanings:

(a) "Action" means the above-entitled case (Case No. 2:16-CV-06965-DSF-FFM).

(b) "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Protective Order.

(c) "'Confidential' Information or Items" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Statement of Good Cause.

(d) "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

(e) "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

(f) "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

(g) "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

(h) "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

(i) "House Counsel" means attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

(j) "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(k) "Outside Counsel of Record" means attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

(l) "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

(m) "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

(n) "Professional Vendors" mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing

4
[PROPOSED] STIPULATED PROTECTIVE ORDER

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(o) "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

(p) "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

3. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. The Designating Party shall have the right to designate as "Confidential" any Disclosure or Discovery Material that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion,

6. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, any Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. The designation should not obscure or interfere with the legibility of the designated Disclosure or Discovery Material. Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page

///

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7. If corrected within fifteen (15) calendar days of any disclosure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction, within fifteen (15) calendar days of any

/ / /

disclosure, of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall notify the Designating Party of its challenge and shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* In the event a Receiving Party challenges any designation of confidentiality hereunder, counsel for such Party shall advise counsel for the Designating Party, in writing, of such objections and the specific Confidential Information or Items to which each objection pertains, and the specific reasons and support for such objections (the "<u>Designation Objections</u>"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to withdraw the "Confidential" designation as to the Confidential Information or Items pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations addressed by the Designation Objections (the "<u>Designation Motion</u>"). The burden of persuasion in any such Designation Motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation or unless the Court has ordered, on any motion duly made pursuant to this paragraph challenging any designation, that such designation shall be withdrawn, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

///

///

9. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the court and its personnel;

(b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e) those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(f) court reporters and their staff;

(g) any deposition, trial or hearing witness in the Action who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (i) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (j) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (k) any other person that the Designating Party agrees to in writing; and

   (l) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  11. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section II, Paragraph 21, below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. This Protective Order is expressly intended to comply with Rule 1-500(A) of the California Rules of Professional Conduct.

///

## 12. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 13. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

///

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

16. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

17. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

(a) operate as an admission by any person that any particular Disclosure or Discovery Material marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

(b) prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

    (i) to seek a determination by the Court of whether any particular Protected Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

13
[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

(ii) to seek relief from the court on appropriate notice to all other Parties to the Action from any provision(s) of this Protective Order, either generally or as to any particular Disclosure or Discovery Material.

(c) act as a Party's waiver of any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order

18. Nothing in this Protective Order shall be construed to preclude any Party or Non-Party from asserting in good faith that certain Confidential Information or Materials require additional protection. The Parties or Non-Parties shall meet and confer to agree upon the terms of such additional protection.

19. If, after execution of this Protective Order, any Protected Materials submitted by a Designating Party under the terms of this Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Protected Materials to the immediate attention of the Designating Party.

20. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

21. After the final disposition of this Action, as defined in Section II, Paragraph 1(a), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy

14
[PROPOSED] STIPULATED PROTECTIVE ORDER

such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section II, Paragraph 3.

22. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, monetary sanctions and/or any other appropriate relief.

This Protective Order may be executed in counterparts.

PURSUANT TO THE PARTIES' STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 1, 2017  /S/ FREDERICK F. MUMM
THE HON. FREDERICK F. MUMM
United States Magistrate Judge
for the Central District of California

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Pae v. Fox Restaurant Concepts, LLC d/b/a True Food Kitchen, et al.*, Case No. 2:16-CV-06965-DSF-FFM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____