Stephen R. Lueke, Bar No. 115906
slueke@fordharrison.com
Daniel B. Chammas, Bar No. 204825
dchammas@fordharrison.com
David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
FORD & HARRISON, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendants

Fox Restaurant Concepts LLC,
FRC True Food SMP LLC, FRC True Food
SDFV LLC and FRC True Food NBFI LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PAE, an individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOX RESTAURANT CONCEPTS, LLC d/b/a TRUE FOOD KITCHEN; a Arizona limited liability company; *et al.*,<br><br>Defendants. | CASE NO. 2:16-cv-06965-DSF-FFM<br>[Hon. Judge Dale S. Fischer]<br><br>**[CLASS ACTION]**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 30, 2017<br>Time: 1:30 p.m.<br>Dept.: 7D – First Street Courthouse<br><br>Action filed: July 22, 2016<br>Date of Removal: September 16, 2016<br>Trial Date: June 19, 2018 |

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................ 1

II.    STATEMENT OF FACTS ................................................................. 1

    A.     Defendants' Uniforms and Plaintiff's Clothing Purchases ............... 1

    B.     Defendant's Scheduling Practices and Plaintiff's Voluntary Purchase of the Online Scheduling App .................................................................. 2

    C.     Defendants' Rest Period Policies and Plaintiff's Experience ........... 3

    D.     Relevant Procedural History ............................................................. 4

III.   GOVERNING STANDARDS ........................................................... 6

    A.     A Motion for Summary Judgment Directed at a Class Representative's Individual Claims is Proper ................................... 6

    B.     Rule 56 Permits Defendants To Move For Partial Summary Judgment To Resolve And Narrow Triable Issues ........................... 6

IV.    DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ....................................................................................... 7

    A.     Plaintiff Cannot Seek Reimbursement for Ordinary Work Clothes .. 7

    B.     Plaintiff Cannot Seek Reimbursement for Her Voluntary Online App Purchase ..................................................................................... 8

    C.     Plaintiff is Pecluded From Introducing Any New Theories to Support Indemnification Claim ......................................................... 9

    D.     Plaintiff's Rest Period Claim Fails ................................................. 10

    E.     Plaintiff is Precluded From Introducing Any New Theories to Support Her Unpaid Wages Claim ................................................. 12

V.     CONCLUSION ............................................................................... 12

WSACTIVELLP:9368625.1

MPA'S ISO DEFENDANTS'
PARTIAL MSJ
CASE NO. 2:16-CV-06965-DSF-FFM
CASE NO. 2:16-CV-06965-DSF-FFM

**Table of Authorities**

*Avilez v. Pinkerton*
2015 U.S. Dist. LEXIS 172700 (C.D. Cal. Dec. 29, 2015) ................................ 6

*Carrasco v. C.H. Robinson Worldwide, Inc.*
2013 U.S. Dist. LEXIS 169515 (E.D. Cal. Nov. 27, 2013) ............................ 10

*Coleman v. Quaker Oats, Co.*
232 F.3d 1271 (9th Cir. 2000) ......................................................... 10

*Holak v. K. Mart Corp.*
2014 U.S. Dist. LEXIS 78472 (E.D. Cal. Jun. 6, 2014) ................................ 10

*Nova v. Charter Comm.*
100 F. Supp. 3d 1013 (E.D. Cal. 2015) ........................................... 11

*O'Hara v. Teamsters Union Local No. 856*
151 F.3d 1152 (9th Cir. 1998) ..................................................... 7, 8

*Patel v. City of Long Beach,*
564 F. Appx. 881 (9th Cir. 2014) ........................................... 9, 11, 12

*Peliculas v. Harriscope*
302 F. Supp. 2d 1131 (C.D. Cal. 2004) ........................................... 6

*Plaisted v. Dress Barn, Inc.*
2013 U.S. Dist. LEXIS 10501 (C.D. Cal. Jan. 25, 2013) ............................ 11

*Reece v. Unitrin Auto and Home Ins. Co.*
2013 U.S. Dist. LEXIS 9311 (N.D. Cal. Jan. 22, 2013) ........................... 10, 11

*Roberts v.  Trimac Transp. Servs. (Western), Inc.*
2013 U.S. Dist. LEXIS 122899 (N.D. Cal. Aug. 28, 2013) ........................... 10

*Watterson v. Garfield Beach CVS LLC*
120 F. Supp. 3d 1003 (N.D. Cal. 2015) ........................................... 8

**State Cases**

*Brinker v. Super. Ct.*
53 Cal. 4th 1004, 139 Cal. Rptr. 3d 215 (2012) ............................ 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Carter v. Entercom Sacramento, LLC*
  219 Cal. App. 4th 337, 161 Cal. Rptr. 3d 782 (2013) ........................................ 8

*Douglas v. Los Angeles Herald-Examiner*
  50 Cal. App. 3d 44, 123 Cal. Rptr. 683 (1975)   ........................................... 7, 8

*Grissom v. Vons Cos., Inc.*
  1 Cal. App. 4th 52, 1 Cal. Rptr. 2d 808 (1991) .................................................. 8

*In re Acknowledgment Cases*
  239 Cal. App. 4th 1498, 192 Cal. Rptr. 3d 337 (2015) ................................. 7, 8

**State Statutes**

Cal. Lab. Code section 2800 ....................................................................... 7

Cal. Lab. Code section 2802.......................................................................... 6, 7, 8

8 Cal. Code Regs., § 11050, subd. 9 ........................................................... 7

8 Cal. Code Regs. § 11050, subd. 12(A)  ............................................... 10

WSACTIVELLP:9368625.1

-iii-

MPA'S ISO DEFENDANTS'
PARTIAL MSJ
CASE NO. 2:16-CV-06965-DSF-FFM
CASE NO. 2:16-CV-06965-DSF-FFM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

A number of Plaintiff Jennifer Pae's ("Plaintiff") claims and/or theories should be adjudicated in favor of defendants Fox Restaurant Concepts LLC; FRC True Food SMP LLC; FRC True Food SDFV and FRC True Food NBFI LLC's ("Defendants").  First, this Court should grant partial summary judgment in Defendants' favor as to Plaintiff's Indemnification Claim, as she has not and cannot establish a triable issue of fact she is not entitled to reimbursement for her purchase of ordinary work clothes, nor is she entitled to reimbursement for her voluntary purchase of an online scheduling app that she concedes was bought solely for her own convenience.  Nor can she advance any new theories at this juncture to save her Indemnification Claim.

Second, this Court should grant partial summary judgment in Defendants' favor as to Plaintiff's Rest Period Claim, because, while she conceded that Defendants provided her with rest periods during her employment, she, alone, voluntarily decided not to take them, either because she felt they were unnecessary, or because of the so-called "pressures" of her workload.  Either way, the undisputed evidence establishes that she cannot point to any affirmative actions taken by Defendants in foregoing her rest periods.

Third, and finally, it is undisputed that Plaintiff advanced only two theories of liability supporting her Unpaid Wages Claim.  Permitting her to advance 1additional theories of liability at this late juncture would be prejudicial to Defendants and unwarranted.

## II.     STATEMENT OF FACTS

### A.      Defendants' Uniforms and Plaintiff's Clothing Purchases

During the relevant time period covering this lawsuit, including the time period Plaintiff worked, Defendants maintained a uniform policy that provided

at the time of hire one to two sets of uniforms, free of charge.  (Statement of Uncontroverted Facts and Conclusions of Law ["SUF"] No. 1.)

If the uniform needed to be replaced because of wear and tear, Defendants would issue to the employee a replacement set, also free of charge. (SUF No. 2.)  Notwithstanding the above, Defendants also permit employees to voluntarily purchase additional clothing, based on their preference and as a matter of convenience.  (SUF No. 3.)

At the time of her hire, Plaintiff admitted to receiving a uniform set free of charge.  (SUF No. 4.)  While she claimed that she was "required" to purchase additional clothing—including white shirts (some of which she purchased from the restaurant); dark brown/black shoes; a belt; jeans and some socks—her testimony confirmed that her purchases were all basic wardrobe items of no distinctive design or color.  (SUF No. 5.)  Additionally, she also admitted that she while she made some of her clothing purchases through the restaurant, she was not required to, and most of her purchases came from a third-party retailer. (SUF No. 6.)   In fact, her testimony reveals that her theory of liability has nothing at all to do with Defendants' uniform policy, but merely related to Defendants' Attire Guidelines which only required Plaintiff to wear presentable attire tantamount to ordinary work clothes usable in any normal restaurant setting.  (SUF Nos. 7-8.)

Ultimately, her testimony reveals that the only articles of clothing that she is seeking reimbursement for are ordinary work clothes of no distinctive design and that can be used with any restaurant employer, and that she was free to purchase those clothes from any retailer.

## B. Defendant's Scheduling Practices and Plaintiff's Voluntary Purchase of the Online Scheduling App

As part of their restaurant operations in Santa Monica, San Diego and Newport Beach, Defendants informed True Food Kitchen employees of their

work schedules through a third-party program called HotSchedules.  (SUF No. 9.)   Access to HotSchedules could be done either by logging in remotely through HotSchedules' website on a desktop or laptop computer; doing the same from the employee's smartphone's web browser; or through an available online mobile app.  (SUF No. 10.)  Despite HotSchedules offering multiple means of access, Defendants did not require any of their employees to utilize any one method to access their schedules.  (SUF No. 11.)

In this case, Plaintiff claims she was "required" to spend $2.99 in order to purchase the online mobile app.  (SUF No. 12.)  However, she also admitted that she knew that the online mobile app was but one method out of many that she could use to access her schedules.  (SUF No. 13.)  Nevertheless, she conceded in her deposition that the reason she purchased the online mobile app was so she could quickly access and change her schedules.  (SUF No. 14.)  She also testified to her preference for the app because it was "more available or functional than the website," and "worked faster because it was an app versus a log-in on a PC or a Mac."  (SUF No. 15.)

C.   **Defendants' Rest Period Policies and Plaintiff's Experience**

During the relevant time period covering this lawsuit, including the time period Plaintiff worked, Defendants maintained the following written rest period policy:

> Employees will be given at least one 10 minute paid rest break during each four hours of work or major fraction of four hours. The only exception applies if an employee's total daily work time is less than three and one-half hours. If an employee works more than six hours in a day, he or she will be entitled to a second 10 minute rest period. Rest periods shall be provided in the middle of each work period insofar as practicable. Rest periods may not be combined with each other or added to an employee's meal period.

(SUF No. 19.)  The policy goes on to inform employees that "[a]ny employee

-3-

who misses a meal or rest break during his or her shift will be required to provide the manager on duty with notice of the missed break(s) in writing at the conclusion of his or her shift." (SUF No. 20.) To ensure hourly employees were informed of their policy and the ability to take rest periods, Defendants trained all restaurant management to go over their rest period policy with hourly employees at the time of hire. (SUF No. 21.) To be sure, Defendants also provide their hourly employees with a copy of the employee handbook containing their rest period policies. (SUF No. 22.) Defendants also conducted periodic audits to confirm that their training procedures are being adhered to by restaurant management. (SUF No. 23.) Beyond that, Defendants permitted employees, including servers like Plaintiff, to self-manage and schedule their own rest periods. At Plaintiff's restaurant in Santa Monica, for instance, the restaurant's practice simply allowed hourly employees to inform their manager that they would be going on a rest period. (SUF No. 24.)

Plaintiff acknowledges receiving the handbook, and admits to reading Defendants' rest period policy. (SUF Nos. 25-26.) Despite this, she conceded during her deposition that she did not take any rest periods because she did not have a desire to take one. (SUF No. 27.) Although she also testified to not taking rest periods because the restaurant was "busy," she also conceded that she never asked to take a rest period, nor was she ever told that she could not take a rest period. (SUF No. 28.)

**D.   Relevant Procedural History**

Plaintiff originally filed this action in Los Angeles Superior Court on July 22, 2016, asserting eight causes of action for various violations of the California Labor Code and California Business & Professions Code. (*See* Complaint, *available at* Dkt. No. 1-1.) The Defendants later removed to federal court on September 16, 2016. (*See* Dkt. No. 1.)

In support of her Indemnification Claim, Plaintiff alleged:

> During Plaintiff's employment with Defendants, Plaintiff was required to purchase clothing unique to her employment at the Company but Defendants failed to indemnify Plaintiff for all these necessary expenditures or losses incurred by her in direct consequence of the discharge of her duties, or for her obedience to the directions of Defendants. Similarly, Plaintiff was charged $2.99 to access her schedules but was not reimbursed.

(*See* SUF No. 16; *see also* Complaint, ¶ 20.)  Plaintiff cannot credibly dispute that she did not allege any additional theories of liability supporting her Indemnification Claim.  Indeed, Plaintiff informed the Court as much in her portion of the Joint Rule 26(f) Report.  (*See* SUF Nos. 16-17; *see also* Joint Rule 26(f) Report at 2:25-3:1, Dkt. No. 24.)

Similarly, in support of her Unpaid Wages Claim, Plaintiff alleged:

> [Defendants] forced Plaintiff to clock out at the end of her shift but instructed her to continue working off the clock to complete her side work, i.e. cleaning tables, restocking, etc.
>
> [¶] Restaurant Employees, like Plaintiff, are also told to clock out before the completion of the sixth hour to avoid burdening the Company with a statutory meal break obligations, thus causing them to work off-the-clock for that reason as well.

(*See* SUF No. 29; *see also* Complaint, ¶¶ 16-17.)  She later confirmed the scope of her Unpaid Wages Claim to the Court in her portion of the Joint Rule 26(f) Report.  (*See* SUF No. 30; *see also* Joint Rule 26(f) Report at 2:17-23, Dkt. No. 24.)  Accordingly, it is undisputed that she did not allege any additional theories supporting her Unpaid Wages Claim.[1]

Despite the limited scope of her claims, it was only in September 20, 2017, after more than a year since the filing of her lawsuit that Plaintiff informed Defendants that she sought to litigate and certify the Indemnification Claim and Unpaid Wages Claim based on additional and unpleaded theories. (*See* Cheng Decl., ¶¶ 7-9; SUF Nos. 18, 31.) Specifically, she sought to recover and seek class certification for reimbursement for expenses she incurred in

---

[1] The Court further set a deadline for the Parties to amend their pleadings by January 23, 2017, and advised the Parties of this cut-off date.  (*See* Dkt. No. 26 at 1:15, 2:17-20.)  Plaintiff never sought to amend her Complaint.

-5-

maintaining her uniform.  (*See* Cheng Decl., ¶¶ 8-9, SUF No. 18.)  She also sought to recover and seek class certification on the unpleaded theory that she worked during and/or through her unpaid meal periods.  (*See* Cheng Decl., ¶¶ 7, 9; SUF No. 31.)

## III.  GOVERNING STANDARDS

### A.  A Motion for Summary Judgment Directed at a Class Representative's Individual Claims is Proper

This motion is directed solely at Plaintiff's claims in her individual capacity.  Even though this is a putative class action, this Court can and should still enter judgment against Plaintiff's individual claims where appropriate.  *See Avilez v. Pinkerton*, 2015 U.S. Dist. LEXIS 172700, *34 (C.D. Cal. Dec. 29, 2015) (noting that the plaintiff "cites no authority" for and expressly rejecting the plaintiff's argument that "[d]efendant is not 'allowed' to seek summary judgment as to Plaintiff's individual claims after class certification").

### B.  Rule 56 Permits Defendants To Move For Partial Summary Judgment To Resolve And Narrow Triable Issues

"Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried."  *Cisco Sys. v. Arista Networks, Inc.*, 2016 U.S. Dist. LEXIS 113285, *5 (N.D. Cal. Aug. 23, 2016).  "A court may grant partial summary judgment to determine before the trial that certain issues shall be deemed established in advance of the trial."  *Peliculas v. Harriscope*, 302 F. Supp. 2d 1131, 1133 (C.D. Cal. 2004).  "The procedure was intended to avoid a useless trial of facts and issues over which there was really never any controversy and which would tend to confuse and complicate a lawsuit."  *Id.*

## IV. DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT

### A.   <u>Plaintiff Cannot Seek Reimbursement for Ordinary Work Clothes</u>

California Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties …." Cal. Lab. Code § 2802(a).   Similarly, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." Cal. Lab. Code section 2800.  An employee is seen to be acting in direct consequence of the discharge of their duties when the employee acts within the course and scope of employment. *See O'Hara v. Teamsters Union Local No. 856*, 151 F.3d 1152, 1158 (9th Cir. 1998); *Douglas v. Los Angeles Herald-Examiner*, 50 Cal. App. 3d 449, 461, 123 Cal. Rptr. 683 (1975).

Generally speaking, uniforms that are required as a condition of employment must be provided and maintained by the employer.  *See* 8 Cal. Code Regs., § 11050, subd. 9.   However, the California Division of Labor Standards Enforcement ("DLSE") takes the position that "ordinary work clothes are not considered uniforms when the employees have free choice of what to wear." *See* http://www.dir.ca.gov/dlse/minimumwage.pdf at 2, attached as **Ex. 1** to RJN ("Ordinary work clothes are not considered uniforms when the employees have free choice of what to wear"); *see also In re Acknowledgment Cases*, 239 Cal. App. 4th 1498, 1505, 192 Cal. Rptr. 3d 337 (2015) (stating an administrative agency's interpretation of a statute involving its area of expertise is entitled to great weight).  Additionally, basic wardrobe items which are usual and generally usable in the occupation, such as white shirts, dark pants and black shoes and belts, all of unspecified design, do not need to be furnished by the employer.   DLSE Op. Ltr. dated Sep. 18, 1990 at 1, *available at*

http://www.dir.ca.gov/dlse/opinions/1990-09-18.pdf, attached as **Ex. 2** to RJN.

Here, it is undisputed that the only clothing purchases Plaintiff seeks reimbursement are ordinary work clothes that she can use at any restaurant, or any employer for that matter. Plaintiff specifically testified that she purchased only white shirts, dark brown/black shoes, a belt, jeans, and some socks. (SUF No. 5.) As a matter of law, such purchases need not be reimbursed.

**B.      Plaintiff Cannot Seek Reimbursement for Her Voluntary Online App Purchase**

Plaintiff's contention that she is entitled to reimbursement of her purchase of the HotSchedules online app similarly fails. An employee is only seen to be acting in direct consequence of the discharge of their duties when the employee acts within the course and scope of employment. *See O'Hara*, 151 F.3d at 1158; *Douglas*, 50 Cal. App. 3d at 461. Further, the right to reimbursement applies only to expenses that are deemed "necessary." *See Carter v. Entercom Sacramento, LLC*, 219 Cal. App. 4th 337, 349-50, 161 Cal. Rptr. 3d 782 (2013). "[A]scertaining what was a necessary expenditure will require an inquiry into what was reasonable under the circumstances.'" *Id.* (quoting *Grissom v. Vons Cos., Inc.*, 1 Cal. App. 4th 52, 58, 1 Cal. Rptr. 2d 808 (1991)). Thus, when the expenses incurred were not tied to the employee's job duties or as a condition of their employment, an employer is not required under California law to indemnify employee for such expenses. *See Watterson v. Garfield Beach CVS LLC*, 120 F. Supp. 3d 1003, 1010 (N.D. Cal. 2015) (finding expenses employee incurred in relation to completing annual health screenings and wellness reviews in compliance with terms of medical plan sponsored by employer were not tied to job duties or employment generally, and thus was not reimbursable under Section 2802, even though employer set certain parameters to be tested and that screening could not be performed by employee's own physician). Further, when the expenses relate to those that are solely for the employee's benefit, the

1  expenses cannot be said to fall under the scope of Section 2802.  *See In re*
2  *Acknowledgment Cases*, 239 Cal. App. 4th at 1506 (Section 2802's purposes are
3  to require an employer to bear all costs inherent in conducting its business and to
4  indemnify employees from costs incurred in the discharge of their duties for the
5  employer's benefit).

6       As applied to the present case, Plaintiff cannot genuinely dispute that her
7  purchase of the HotSchedules scheduling app was purely voluntary and solely
8  for her own benefit.  Here, Plaintiff admitted in her deposition that she was fully
9  aware of the available (and free) options she had to access her work schedules.
10  Despite this, she testified in deposition that she purchased the online mobile app
11  because it was faster, and more available and functional.  (SUF Nos. 14-15.)  As
12  a result, her purchase can only be seen as a voluntary purchase purely for her
13  own benefit.

14       **C.**    **<u>Plaintiff is Precluded From Introducing Any New Theories to</u>**
15            **<u>Support Her Indeminificatoin Claim</u>**

16       Plaintiff should also be precluded from raising any new and unpleaded
17  theories to support her Indemnification Claim.  Here, Plaintiff seeks to recover
18  and seek class certification on certain uniform maintenance expenses she
19  incurred.  (*See* Motion for Class Certification at 12:16-17, 23:26-24:3, Dkt. No.
20  50.)  It is undisputed that she never alleged such theory in her Complaint.  (*See*
21  SUF Nos. 16-18.)

22       Allowing Plaintiff to raise any new theory to defeat summary judgment
23  would prejudice Defendants, who conducted discovery under the belief that
24  Plaintiff's Indemnification Claim was based solely on alleged clothing
25  purchases and her online scheduling app purchase.  *See*, *e.g.*, *Patel v. City of*
26  *Long Beach*, 564 F. Appx. 881, 882 (9th Cir. 2014) ("Allowing a plaintiff to
27  proceed on a new theory would prejudice defendants because '[a] complaint
28  guides the parties' discovery putting the defendant on notice of the evidence it

1  needs to adduce in order to defend against the plaintiff's allegations.'" (quoting

2  *Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1292-93 (9th Cir. 2000)); *accord*

3  *Holak v. K Mart Corp.*, 2014 U.S. Dist. LEXIS 78472, *28 (E.D. Cal. Jun. 6,

4  2014) (finding inappropriate to certify a class based on a claim not pleaded in

5  plaintiff's complaint).

6  ### D.   Plaintiff's Rest Period Claim Fails

7  Rest breaks in California are governed by the state's Industrial Welfare

8  Commission ("IWC") Wage Orders, which require that a rest period of at least

9  10 minutes be provided at a rate of every "(4) hours or major fraction thereof."

10  IWC Wage Order No. 5, 8 Cal. Code Regs. § 11050, subd. 12(A).  The only

11  exception is that an employee is not entitled to a rest period if the work period

12  is less than 3.5 hours.   The California Supreme Court clarified that such

13  language means that employees are entitled to 10 minutes' rest for shifts from

14  3.5 to six hours in length, 20 minutes for shifts of more than six hours up to 10

15  hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.

16  *Brinker v. Super. Ct.*, 53 Cal. 4th 1004, 1051, 139 Cal. Rptr. 3d 315 (2012).

17  Courts that have examined the issue of what suffices to give rise to

18  liability for constructive failure to provide breaks agree that "[l]iability for

19  failure to provide meal breaks … is premised on the employer's actions, and not

20  necessarily the employee's actions."  *Carrasco v. C.H. Robinson Worldwide,*

21  *Inc.*, 2013 U.S. Dist. LEXIS 169515, *24-26 (E.D. Cal. Nov. 27, 2013) (holding

22  that an employer did not undermine a formal policy of providing meal and rest

23  periods where the employee alleged that she forewent meal and rest breaks "to

24  be able to timely complete the tasks assigned" by her employer and otherwise

25  feared ridicule, but failed to identify any actions on employer's part that would

26  give rise to liability).  Accordingly, liability would not be found where plaintiffs

27  have skipped breaks of their own accord due to pressure they feel to complete

28  their job in a given amount of time, absent evidence that their employer took

-10-

action to prevent or impede employees from taking their meal or rest breaks. *See, e.g.*, *Roberts v. Trimac Transp. Srvs. (Western), Inc.*, 2013 U.S. Dist. LEXIS 122899, \*11-\*13 (N.D. Cal. Aug. 28, 2013) (no liability where employee wanted to complete deliveries and due to time pressures of job, did not take meal breaks); *Plaisted v. Dress Barn, Inc.*, 2013 U.S. Dist. LEXIS 10501, \*10-\*12 (C.D. Cal. Jan. 25, 2013) (no liability where any pressure she felt through breaks was not attributable to actions of employer, but rather employee's own choices). Absent any factual evidence above the plaintiff's subjective belief that his employer wanted him to skip breaks, no liability would be found. *See Reece v. Unitrin Auto and Home Ins. Co.*, 2013 U.S. Dist. LEXIS 9311, \*15-\*16 (N.D. Cal. Jan. 22, 2013) (no liability despite plaintiff's conclusory allegation that employer structured his schedule in a way to make it impossible for him to take meal breaks); *see also Nova v. Charter Comm.*, 100 F. Supp. 3d 1013 (E.D. Cal. 2015) (granting summary judgment on break claims based on employee's voluntary decision to delay breaks by choice in violation of his employer's policy).

Here, Plaintiff does not dispute that she was never denied a rest break, despite full knowledge of her rights. Indeed, it is undisputed that Defendants' training policies and procedures made it a point to encourage employees to be apprised of their rest periods rights and inform the restaurant when those rights are denied. Moreover, Plaintiff has made it clear in her testimony that, despite having full knowledge of her ability to take rest periods, she either was not interested in taking them, nor did she ever ask to take one. Nor does she dispute that the she was never denied to take a rest period.

Accordingly, Defendants are entitled to partial summary judgment on Plaintiff's Rest Period Claim.

**E.    Plaintiff is Precluded From Introducing Any New Theories to Support Her Unpaid Wages Claim**

Plaintiff should also be precluded from raising any new and unpleaded theories to support her Unpaid Wages Claim.  In this case, Plaintiff cannot credibly dispute that she limited the scope of her claim only to working off the clock after her shift to complete side duties, or in order to avoid working more than six hours to avoid a meal period obligation.  (*See* SUF Nos. 29-31.)

As already stated above, allowing Plaintiff to raise any new theory would prejudice Defendants, who conducted discovery under the belief that Plaintiff's Unpaid Wages Claim was based solely on the theories alleged in her Complaint. *See*, *e.g.*, *Patel*, 564 F. Appx. at 882 ("Allowing a plaintiff to proceed on a new theory would prejudice defendants because '[a] complaint guides the parties' discovery putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.'" (quoting *Coleman*, 232 F. 3d at 1292-93); *accord Holak*, 2014 U.S. Dist. LEXIS 78472 at *28 (finding inappropriate to certify a class based on a claim not pleaded in plaintiff's complaint).  Plaintiff should not be rewarded for this blatant sandbagging.

**V.    CONCLUSION**

For the foregoing reasons, Defendants' Motion should be granted in its entirety.

DATED: October 2, 2017            FORDHARRISON LLP

By: /s/ David L. Cheng
DAVID L. CHENG
Attorney for Defendants

WSACTIVELLP:9368625.1

MPA'S ISO DEFENDANTS'
PARTIAL MSJ
CASE NO. 2:16-CV-06965-DSF-FFM
CASE NO. 2:16-CV-06965-DSF-FFM