Stephen R. Lueke, Bar No. 115906
slueke@fordharrison.com
Daniel B. Chammas, Bar No. 204825
dchammas@fordharrison.com
David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
FORD & HARRISON, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendants
Fox Restaurant Concepts LLC,
FRC True Food SMP LLC, FRC
True Food SDFV LLC and FRC True
Food NBFI LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PAE, an individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOX RESTAURANT CONCEPTS, LLC d/b/a TRUE FOOD KITCHEN; a Arizona limited liability company; *et al.*,<br><br>Defendants. | CASE NO. 2:16-cv-06965-DSF-FFM<br>[Hon. Judge Dale S. Fischer]<br><br>**[CLASS ACTION]**<br><br>**DECLARATION OF ALAIN ANÉ IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 30, 2017<br>Time: 1:30 p.m.<br>Dept.: 7D – First Street Courthouse<br><br>Action filed: July 22, 2016<br>Date of Removal: September 16, 2016<br>Trial Date: June 19, 2018 |

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9370597.1

DECL. OF ALAIN ANE ISO PARTIAL MSJ
CASE NO. 2:16-CV-06965-DSF-FFM

-68-

I, Alain Ané, declare as follows:

1. I am over 18 years old and have personal knowledge of the following, or knowledge based on my investigation or upon records which are within my custody and control. If called and sworn as a witness, I could and would competently testify thereto.

2. I am currently the Chief People Officer for Fox Restaurant Concepts, LLC. I am providing this declaration in support of Defendants Fox Restaurant Concepts LLC ("FRC"); FRC True Food SMP LLC ("SMP"); FRC True Food SDFV LLC ("SDFV"); and FRC True Food NBFI LLC ("NBFI")'s Motion for Partial Summary Judgment.

3. My chief responsibility is to oversee employee relations for FRC, including the three True Food Kitchen restaurants owned and operated by SMP, SDFV and NBFI and which are the subject to this lawsuit. Collectively, I shall refer to these three restaurants as the "TFK Restaurants." Based on my roles and responsibilities as Chief People Officer, I am generally familiar with TFK Restaurants' business operations. I am also familiar with the policies and procedures governing the employees at the TFK Restaurants, and how those policies and procedures are implemented and enforced at each restaurant.

## GENERAL BUSINESS OPERATIONS

4. The TFK Restaurants are in the business of offering food service to customers in Santa Monica, San Diego and Newport Beach, California.

5. During the relevant time period of this lawsuit, which I am informed and believed to be between July 22, 2012 to the present (hereinafter, the "relevant time period"), each restaurant employed non-exempt, hourly employees in various positions. The number of these positions employed at any given time varied, depending on the restaurant's location, the size and needs of the areas serviced, the overall quality and performance of the restaurant's employees, and other related business factors. Nevertheless, each restaurant had a General Manager, whose

responsibilities included managing the entire restaurant and its performance, and overseeing and ultimate supervisory authority over all non-exempt employees employed at that restaurant. In addition to the General Manager, TFK Restaurants also employed, as a whole, Restaurant Managers, Assistant General Managers, Executive Chefs and other supervisory employees to supervise the restaurant's non-exempt employees, and also periodically assigned non-exempt employees on various shifts to oversee day-to-day operations and direct other non-exempt employees at the restaurant.

**EMPLOYMENT POLICIES, TRAINING AND ENFORCEMENT**

6. During the relevant time period, TFK Restaurants articulated many of their employment policies through an employee handbook. Attached as **Exhibit 1** is a true and correct copy of the handbook that was active at the time Plaintiff was first hired in or about March 2015. TFK Restaurants' policies require that all employees be provided a copy of the handbook at the time of their hiring, and be allowed to keep it.

7. TFK Restaurants took their obligations with complying with California labor laws seriously, especially the state's wage and hour laws. This is a part of our restaurant culture to be as open as possible to our employees and to ensure that they are fully aware of their rights under the law. To ensure this occurred, during the relevant time period, our Company policies required all restaurant management not only to review the policies as stated in our handbook, but also to take separate training courses on wage and hour standards, including those in California. Attached as **Exhibit 2** is a true and correct copy of TFK Restaurants' Managing Within the Law Essentials Training Policy. Additionally, TFK Restaurants also provided restaurant management with additional internal trainings that address how employees' hours worked and pay are accurate. Attached as **Exhibit 3** is a true and correct copy of TFK Restaurants' Pay … the Right Way Tool Kit, which also trained managers on compliance with federal and state laws governing the payment

of wages, including in California.

8. TFK Restaurants also ensured that its policies were communicated to its hourly staff through its new hire onboarding process. Attached as **Exhibit 4** is a true and correct copy of TFK Restaurants' Employee Onboarding Tool Kit. Specifically, at the time of hire, as part of an employee's new hire onboarding process, all employees went through a detailed orientation process that not only went through the general operations of the restaurant, but also a page-by-page explanation of TFK Restaurant's handbook. (*See* Ex. 3 at PAE-TFK 000554; Ex. 4 at PAE-TFK 000335-336.) With respect to employees in California, TFK Restaurant's onboarding training expressly required restaurant management to go over TFK Restaurant's California meal and rest period policies. (*See* Ex. 4 at PAE-TFK 000336.)

9. TFK Restaurants also ensured that restaurant management was properly going through their policies with their employees by conducting periodic and random audits overseen by TFK Restaurants' corporate management, that included, in addition to auditing the restaurant's general operations practices, determining whether restaurant management was complying with state and federal employment laws. This included whether management was adhering to TFK Restaurants' onboarding/orientation process; doing spot checks of the employees' records and files to ensure their hours and pay were accurate. During the relevant time period, I am aware that TFK Restaurants has conducted at least nine audits for the three restaurants at issue. Additionally, I am aware that TFK Restaurants' Regional Managers periodically visit the restaurants to evaluate each restaurant's general operations, including whether the restaurant is complying with state and federal employment laws. This included, at times, briefly asking employees about their employment experiences and whether they had any grievances or complaints related to their employment.

## TFK RESTAURANTS' REST BREAK POLICIES

10. During the relevant time period, TFK Restaurants articulated their rest period policy applicable to California non-exempt employees through the employee handbook. The policy states as follows:

> Employees will be given at least one 10 minute paid rest break during each four hours of work or major fraction of four hours. The only exception applies if an employee's total daily work time is less than three and one-half hours. If an employee works more than six hours in a day, he or she will be entitled to a second 10 minute rest period. Rest periods shall be provided in the middle of each work period insofar as practicable. Rest periods may not be combined with each other or added to an employee's meal period.

(*See* Ex. 1 at PAE-TFK 000098.) The policy goes on to inform employees that if they ever missed a rest period during their shift, they were to inform the manager on duty. (*See id.*)

11. As with all employee policies, TFK Restaurants' training procedures required employees to be fully apprised of their rest period policy during the onboarding process. (*See* Ex. 4 at PAE-TFK 000336.)

12. Additionally, as I already mentioned above, Regional Managers periodically visit the restaurants to evaluate each restaurant's performance, including whether the restaurant is complying with state and federal employment laws. To date, none of the Regional Managers overseeing the Santa Monica, San Diego or Newport Beach restaurants (or any TFK Restaurant in California for that matter) ever reported to me or anyone at TFK Restaurants that any one employee was prevented or impeded from taking, deferring or cutting short their rest periods.

## ATTIRE GUIDELINES

13. During the relevant time period, TFK Restaurants provided to every employee at least one free set, and also replaced them for free due of wear and tear. Notwithstanding the above, TFK Restaurants also permit employees to voluntarily purchase additional clothing, based on their preference and as a matter of convenience.

14. During this lawsuit, I personally attended the deposition of Jennifer Pae on January 25, 2017, during which she described the articles of clothing that she purportedly had to purchase, including white shirts; dark brown/black shoes; a belt; jeans and some socks. Based on her testimony, I do not believe that her purchases have anything to do with TFK Restaurants' uniform. However, it does appear that her purchases related to TFK Restaurants' Attire Guidelines for Servers, Bartenders and Backservers, for which I have attached a true and correct copy as **Exhibit 5**. The Attire Guidelines were merely presented to employees to show what attire was or was not appropriate to wear at the restaurant, either because of safety reasons or for ensuring that our workforce looks presentable to the restaurants' customers. Of the items that the Attire Guidelines describes, only the apron is provided by TFK Restaurants. As reflected in these guidelines, TFK Restaurants did not require their servers to wear any clothing of a distinctive design or color. At best, the guidelines merely require servers to wear ordinary work clothes that can be used in any normal restaurant setting.

## HOTSCHEDULES

15. As part of TFK Restaurants' operations, restaurant management would inform employees of their work schedules through a third-party program called HotSchedules. Access to HotSchedules could be done either by logging in remotely through HotSchedules' website on a desktop or laptop computer; doing the same from the employee's smartphone's web browser; or through an available online mobile app.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on the 2nd day of October 2017, at Phoenix, Arizona.

ALAIN ANÉ