# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PAE, individually and on behalf of all others similarly situated<br>    Plaintiff,<br><br>           v.<br><br>FOX RESTAURANT CONCEPTS, LLC, etc., et al.,<br>    Defendant. | CV 16-6965 DSF (FFMx)<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT |

    Plaintiffs' motion for final approval of class action settlement, and motion for attorneys' fees and costs, came on for hearing on March 25, 2019. Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement, and all relevant papers and proceedings, and good cause appearing, the Court finds and orders:

    1.    This Court has jurisdiction over the subject matter of this application and all related matters.

    2.    The Court confirms as final its provisional certification of the Class in its December 4, 2018 order preliminarily approving the Settlement. The Class is comprised of all current and former

non-exempt front-of-the-house employees in California at all of Defendants' True Food Kitchen restaurants at any time from July 22, 2012 to December 4, 2018.  With respect to the Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the lawsuit; (c) the claims of the Class Representatives are typical of the claims of the other members of the Class; (d) the Class Representatives have fairly and adequately protected the interests of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, acting collectively, are qualified and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure to serve as co-Class Counsel.

3. The Court confirms as final the appointment of Plaintiffs Jennifer Pae and Alexandra Sheldon as Class Representatives and awards Ms. Pae $3,500 and Ms. Sheldon $3,000 for their service as Class Representatives.

4. The Court confirms as final the appointment of Armand Kazirian of Boyamian Law, Inc., Thomas Falvey of the Law Offices of Thomas W. Falvey, and Alex Hartounian of the Hartounian Law Firm, P.C. as co-Class Counsel.

5.     The Court approves an award of attorneys' fees of $215,997.69 (25% of the gross settlement sum[1] minus the employer's share of payroll taxes and litigation costs[2]) and litigation costs of $21,235.37, for a total fee and expense award of $237,233.06.  These amounts are to be deducted from the settlement fund of $900,000.00 pursuant to the terms of the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendants, attached to the Declaration of Armand R. Kizirian as Exhibit 1.

6.     The Court approves the payment of fees and other charges of the settlement administrator CPT Group, Inc., totaling $23,500.

7.     The Court approves the payment of $15,000 to California's Labor and Workforce Development Agency from the $20,000 of the settlement fund allocated to resolve the Private Attorneys General Act of 2004 claims at issue in this suit.

8.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval to the Settlement, and orders the parties to implement, and comply with, its terms.  The Court finds that the Settlement is fair, reasonable, and adequate in all respects, and that it is binding on all members of the Class.

---

[1] Because co-Class Counsel seek only 25% of the common fund, the Court does not comment on the reasonableness of the hours billed or the hourly rates claimed.

[2] Co-Class Counsel will receive 100% of their reasonable costs.  It is inappropriate for them to receive another 25% of the costs as well.

The Court specifically finds that this Settlement affords adequate monetary relief to the Class and is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel after thorough factual and legal investigation, and significant litigation including fully briefing a motion for class certification. The Court further finds that the response of the Class to the Settlement supports final approval, in that no Class Member objected to the proposed Settlement and less than 1% excluded themselves from the Settlement.

9. The Notice provided to the Class constituted the best notice practicable under the circumstances, and fully met the requirements of due process by providing individual notice to all Class Members who could be identified through reasonable effort.

10. The Court finds that the proposed plan of allocation is fair and reasonable. The procedures set forth in the Settlement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate. Payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement and this Order.

11. By operation of this Order and on the effective date of the Judgment, Plaintiffs shall release, relinquish, and discharge all claims against the Releasees released under the terms of Paragraphs 24 and 25 of the Settlement.

12. By operation of this Order and on the effective date of the Judgment, all Class Members who have not opted out of the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees as set forth in Paragraph 24 of the Settlement.

13. This Judgment is intended to be a final disposition of the above-captioned action in its entirety and is intended to be immediately appealable.

14. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

15. The attorneys' fees and costs awarded by the Court are fair and reasonable and were incurred in the best interests of the Class and are appropriate under a percentage-of-recovery analysis.

16. The Settlement Administrator shall pay 90% of the above-stated attorneys' fees and costs to Class Counsel within 35 calendar days of the Effective Date. The remaining 10% shall be paid when Class Counsel provide a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order.

IT IS SO ORDERED.

Date: April 15, 2019

Dale S. Fischer
United States District Judge